IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FONDA BLAIR )
 )
v. ) NO. 3-12-0735
 ) JUDGE CAMPBELL
RUTHERFORD COUNTY BOARD )
OF EDUCATION, et al. )

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 8). For the reasons stated herein, Defendants' Motion is DENIED.

FACTS

Plaintiff, a former employee of the Rutherford County School System, alleges in this action that Defendants discriminated against her, in violation of federal[1] and state[2] law, based upon her age, sex and religion and in retaliation for protected activity. Plaintiff asserts that she was constructively discharged because of her age, sex and religion, in retaliation for taking FMLA leave and for her refusal to remain silent about illegal activities in the school system.

Defendants have moved to dismiss Plaintiff's Complaint, contending that Plaintiff's Complaint raises issues which were previously litigated in state court. Plaintiff sued Defendants in state court in May of 2010. The Amended Complaint in that action alleged violations of the Education Truth in Reporting and Employee Protection Act of 1989 ("ETREPA"). Docket No. 9-1.

---

[1] 42 U.S.C. §§ 2000-e, *et seq.* ("Title VII"), 29 U.S.C. §§ 621, *et seq.* ("ADEA"), and 29 U.S.C. §§ 2601, *et seq.* ("FMLA").

[2] Tenn.Code Ann. § 50-1-304 ("TPPA"), and Tenn. Code Ann. §§ 4-21-101, *et seq.* ("THRA").

In granting summary judgment for Defendants,[3] the state court found that Plaintiff based the claims in her Amended Complaint on the ETREPA, invasion of privacy, harassment, abuse of process and misrepresentation. Docket No. 9-3, p. 3. Plaintiff's Amended Complaint in the state court action does not include any of the claims alleged in this case. *Compare* Docket No. 9-1 and Docket No. 1.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

ABSTENTION

Defendants argue that the Court should abstain from hearing Plaintiff's claims because of the ongoing state judicial proceedings involving Plaintiff and Defendants. Abstention is an

---

[3] Plaintiff has appealed that decision to the Tennessee Court of Appeals. Docket No. 9-4.

extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 660 (6th Cir. 2002).

The Supreme Court has held that federal courts should abstain from issuing injunctions that serve to interfere with state criminal and civil proceedings. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971) and *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604-605 (1975). For *Younger* abstention to apply, (1) there must be ongoing state judicial proceedings; (2) those proceedings must implicate important state interests; (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

Although there is an ongoing state judicial proceeding involving these parties, and those proceedings may implicate important state interests, and Plaintiff may have had the opportunity to raise *constitutional* challenges therein, the state proceedings and this proceeding involve entirely different claims and issues. Plaintiff's claims herein relate to her constructive discharge in December of 2011. Her Amended Complaint in the state court action, about which summary judgment was granted, was filed August 10, 2011. *Younger* abstention does not apply.

Defendants also contend that *Colorado River* abstention should apply. In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the Court noted that considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction of state and federal courts. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). Before the *Colorado River* doctrine can be applied, the district court must determine that the concurrent state and federal actions are actually parallel. *Id*. As stated above, these two actions do not involve the same issues. Moreover, as Plaintiff has pointed out, this federal action could not have been filed before the state court action was decided on March 27, 2012,

because Plaintiff did not receive her Notice of Right to Sue from the Equal Employment Opportunity Commission until May 3, 2012. Docket No.1, Ex. B.

For these reasons, the Court declines to stay or dismiss this action based upon abstention, and Defendants' Motion to Dismiss on that basis is denied.

## RES JUDICATA

Defendants also argue that Plaintiff's claims should be dismissed based upon the doctrine of *res judicata*. Pursuant to the doctrine of *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

First of all, Defendants have not shown that the state court judgment at issue is yet "final." Moreover, as noted above, none of the claims raised in this action were raised or addressed on the merits in the state court litigation. Accordingly, *res judicata* cannot apply. Defendants' Motion to Dismiss on this basis is also denied.

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss (Docket No. 8) is DENIED. The case is referred back to the Magistrate Judge for further case management.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4